## Alfred Baxter, Appellant, v. Henry Hurlburt.

*Referee's report—Notice of must be given before filing.*

Under the Act of February 23, 1870, P. L. 219, authorizing reference of civil actions in the counties of Tioga and Potter, it is error for a referee to file his report and have judgment entered thereon, without first notifying the parties or their counsel that it is ready for filing.

Argued Feb. 17, 1898. Appeal, No. 23, Feb. T., 1898, by plaintiff, from judgment of C. P. Potter Co., Dec. T., 1898, No. 237, confirming report of referee. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit. Before A. G. Olmsted, referee.

It appears from the record that Alfred Baxter brought an action of assumpsit against Henry Hurlburt to recover the sum

of $207.89, with interest from October 30, 1885. By agreement of the parties the case was referred to the Hon. A. G. Olmsted, under the Act of February 23, 1870, P. L. 219, being a special act for Tioga and Potter counties. The case came to trial before the referee on December 2, 1895.

On December 6, 1895, the referee filed a report, finding certain facts and concluding as follows : "And now, December 6, 1895, the prothonotary is directed to file this report and enter judgment in favor of the defendant and against the plaintiff for costs." Plaintiff appealed.

*Errors assigned* were (1) in not giving notice to the plaintiff or his counsel of the time of filing his report. (2) In filing his report and having judgment entered thereon by the prothonotary, without previous notice to the plaintiff or his counsel.

*J. N. Peck*, of *Peck & Stone*, with him *Dornan & Ormerod*, . for appellant.—The Local Statute of April 6, 1869, P. L. 725, special to Bradford county, and the Act of February 23, 1870, P. L. 219, special to Tioga and Potter counties are identically the same in language.

It has been expressly held by the courts that notice is necessary to sustain a judgment in a cause referred under the Act of April 6, 1869, P. L. 725 : Wilson v. Morrison, 1 Kulp, 67 ; Wall v. Knapp, 134 Pa. 53.

*W. B. Brightman*, with him *Larrabee & Lewis*, for appellee. —The case of Wall v. Knapp, 134 Pa. 53, cited by the appellant, is not in point. The statutes passed upon are materially different in the requirements.

·The case of Wall v. Knapp, supra, was tried under the Susquehanna County Act of 1869, P. L. 725, as amended by Act of 1870, P. L. 85. The counsel for appellant must have overlooked this amendment when they say that our act and this are identical.

In the recent cases of Dent v. Huntley, 182 Pa. 607, and Huntley v. Goodyear, 182 Pa. 613, the Supreme Court, on appeal, restated the facts and law and entered judgment accordingly. In these cases, like that of Stevens v. Brown, supra,

the judgment was entered upon the report of the referee without waiting for exceptions.

This practice has obtained for twenty-seven years and ought not now to be overturned. But, in any event, we submit that when the appellants can find no specific error in the referee's finding of fact or law after two years' reflections, this court should determine the case as "justice requires, and enter the proper judgment."

OPINION BY RICE, P. J., April 18, 1898:

The Act of February 23, 1870, P. L. 219, authorizing the reference of civil actions in the counties of Tioga and Potter is a literal transcript of the Act of April 6, 1869, P. L. 725, authorizing the reference of such actions in the county of Bradford. The latter act came before the Supreme Court for construction, in the case of Wall v. Knapp, 134 Pa. 53, and it was there held that it is error for a referee to file his report and have judgment entered thereon, without first notifying the parties or their counsel that it is ready for filing. As it did not appear, by the record or otherwise, that such notice was given, by adjournment to a day certain or in any other manner, the judgment was reversed and the cause remanded for further proceeding before the referee. It is plain, therefore, that notice is not to be presumed, and that the same order must be made in the present case, unless it can be distinguished from the case cited.

The only possible ground for basing a distinction is that by a supplement (January 20, 1870, P. L. 85) to the Bradford county act it was provided, that the prothonotary shall enter judgment upon the report of the referee upon the filing of the same, and either party may file his exceptions to the report within ten days thereafter, but not after that time. But the ruling was not based on this distinguishing feature of the Bradford county act but upon a construction of the act as it stood before amendment, as the following liberal quotation from the opinion of the Chief Justice will show. After reciting the provisions of the act of 1869, and pointing out the duty of the referee to see that the course of the trial, from its inception to the filing of his report in the prothonotary's office and entry of judgment thereon, conforms as nearly as may be "to

trial by the court before a jury," he says : " This is clearly not done when the referee, immediately on completion of his report, files the same and causes judgment to be entered thereon without such notice, by adjournment to a day certain or otherwise, as will afford the parties an opportunity for inspection of the report, filing exceptions and applying for the correction of errors either in the findings of fact or conclusions of law. As in the case of a trial by jury, the unsuccessful party has a right to apply to the court for the correction of alleged errors, etc., by motion in arrest of judgment, or for a new trial, so either party before a referee has a right to examine the report, and be heard on an application for similar relief. Indeed, it is even more necessary in a reference, under the act in question, than in a case tried by jury in court. The findings of fact by the referee constitute the case upon which final judgment must be entered, and hence it is all important that they should be not only accurate, but also full and complete. They take the place of a special verdict of a jury, with this important difference, that the referee has full power and authority to modify or correct his findings of fact, if on further examination he deems it necessary." After referring to the practice before auditors and under the general referee act of 1889, in both of which cases as well as in references under the Luzerne county act, notice is given before the filing of the report, he proceeds : " We are of opinion that, upon a proper construction of the act of 1869, the learned referee erred in not notifying the defendants that his report was ready for filing, etc. If it were even doubtful, as was said by Justice SHARSWOOD in Thornton v. Insurance Co., 71 Pa. 234, ' it is our duty to mould the course of proceedings under the special acts providing for the reference of civil cases, so as most nearly to conform to the common law, and to be regulated by principles and rules most common to all.' " Thus, it is seen that notice must precede the filing of the report in order to afford the parties an opportunity to except to it and to apply to the referee for the correction of errors in his findings and conclusions, before the entry of judgment. There is all the greater reason why the parties should be afforded such opportunity where the statute is silent as to their right to file exceptions after judgment.

We conclude that the case of Wall v. Knapp, supra, rules all

the questions argued before us, and that the course of proceeding there prescribed should be followed in references under the act under consideration.

Judgment reversed and cause remanded for further proceedings before the referee in accordance with the foregoing opinion.